952 F.2d 1399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alvin PATE, Petitioner-Appellant,
v.
Eddie YLST, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 90-56135.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1992.*
Decided Jan. 15, 1992.
 
 Before FARRIS, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 We have carefully reviewed Pate's habeas petition and related papers. He claims that, under the Eighth Amendment, the trial court's failure to find that he intended to kill Eladio Nunez makes his sentence of life without parole disproportionate to his felony murder conviction. We disagree.
 
 
 3
 The standard for assessing a claim that a sentence is so disproportionate to the crime as to constitute cruel and unusual punishment is set out in Solem v. Helm, 463 U.S. 277 (1983). The proportionality inquiry is guided by objective criteria including (a) the gravity of the crime and the penalty given for it, (b) sentences imposed on other criminals in the jurisdiction and (c) the sentence imposed for the same crime in other jurisdictions. Id. at 290-92.
 
 
 4
 Pate's sentence is in proportion to the gravity of his crime. In the course of a burglary, he stabbed Nunez at least seven times, causing his death. He contends that he was attacked by Nunez, but, as a burglar on the premises, some objection to his presence should have been anticipated. Nothing in the record diminishes his responsibility for his acts.
 
 
 5
 A life sentence without parole is not unusual in these circumstances. See, e.g., Cal.Penal Code § 209(a) (West Supp.1991) (kidnapper for ransom who inflicts "bodily harm" is subject to life sentence without possibility of parole). Nor is it unusual when compared to sentences imposed in other states on felony murderers where no finding of intent to kill has been made. See, e.g., Tison v. Arizona, 481 U.S. 137, 152-54 (1987) (noting substantial, recent legislative authorization of death penalty for felony murder regardless of absence of finding of intent to kill).
 
 
 6
 In Cabana v. Bullock, 474 U.S. 376 (1986), the Court declared that "[i]f a [felony murderer] sentenced to death in fact killed, attempted to kill, or intended to kill, the Eighth Amendment itself is not violated by his or her execution.... Id. at 386 (emphasis added). Because Pate in fact killed Nunez, his life sentence without possibility of parole does not offend the Eighth Amendment.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3